UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | Case No. 1:19-cv-01241-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND *Sharp v. Koenig*, No. 1:20-cv-00139-JDP, ECF No. 1 (E.D. Cal. Jan. 23, 2020)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY<br><br>ECF No. 1 |

Petitioner Anthony Andre Sharp, a state prisoner without counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, we must examine the petition and order a response to it unless it "plainly appears" that petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Because the petition appears to be untimely, we will require petitioner to show cause why his petition should not be summarily dismissed.

1

**I.     Background**

On September 6, 2019, petitioner sought a writ of habeas corpus in the instant case, challenging his 2016 conviction for possession of child pornography. ECF No. 1. He alleged that his criminal sentence was illegal, that his due process rights had been violated during his trial, and he further made reference to "conspiracy." *See id*. at 5-10. Petitioner stated that he had raised these claims in habeas petitions at the state superior, appellate, and supreme court levels; he alleged that his petitions were filed and denied in 2019. *See id*. at 3-5, 17-19.

On January 23, 2020, petitioner again sought a writ of habeas corpus, challenging his 2016 conviction for possession of child pornography. *See Sharp v. Koenig*, No. 1:20-cv-00139-JDP, ECF No. 1 (E.D. Cal. Jan. 23, 2020). As grounds for relief, he claimed (1) violations of California's three strikes law, (2) violations arising from the consideration of his prior juvenile convictions in sentencing, (3) fraud, (4) violation of his right to be informed of consequences before disclosing his prior convictions, and (5) that his criminal sentence is illegal. *See id*. at 4-13. Petitioner stated that he had raised claims of an illegal sentence, fraud, due process, and unlawful restitution in unsuccessful habeas petitions at the state superior, appellate, and supreme court levels. *See id*. at 3.

**II.    Discussion**

   **A.     Second petition as motion to amend**

Subject to narrow exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." *See Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016); 28 U.S.C. § 2244(b)(2). However, when a pro se petitioner "files a new [habeas] petition while his first [habeas] petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive." *Goodrum*, 824 F.3d at 1194. In this situation, the court should "construe [the] new petition as a motion to amend" and "rule on the motion, in accordance with the standards for permitting amendment established by Federal Rule of Civil Procedure 15." *Id*. at 1195; *see Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008) (district court was required to construe

the new petition as a motion to amend the first petition because at the time the new petition was filed, the first petition remained pending and petitioner was proceeding pro se).

Here, petitioner, proceeding without counsel, filed his second habeas petition while his first habeas petition was pending. ECF No. 1; *Sharp*, No. 1:20-cv-00139-JDP, ECF No. 1. Therefore, we must construe the second petition as a motion to amend the first petition and rule on the motion to amend. "A habeas petition 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (quoting 28 U.S.C. § 2242). Because this is petitioner's first motion to amend and we grant leave to amend once as a matter of course, we grant petitioner's motion. *See* Fed. R. Civ. P. 15(a)(1). Because we grant petitioner's motion to amend, petitioner's second petition, *Sharp*, No. 1:20-cv-00139-JDP, ECF No. 1, will now be considered petitioner's first amended petition.

**B.     Statute of limitations**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

Under the Antiterrorism and Effective Death Penalty Act, petitioners seeking relief under § 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d), which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations period can be tolled in various ways. For example, a petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, petitioner was sentenced in his criminal case on November 29, 2016 and had 60 days, or until January 28, 2017, to appeal his conviction. *See* ECF No. 1 at 17. Over two years later, on March 11, 2019, petitioner filed a notice of appeal in the state superior court; his appeal was denied as untimely on March 12, 2019. *Id*. at 17. Petitioner sought habeas relief in the state appeals court and his petition was denied on May 23, 2019, in part due to untimeliness. *Id*. at 18. He then sought habeas relief in the state supreme court, and his petition was denied on August 21, 2019. *Id*. at 19. He sought federal habeas relief on September 16, 2019.

To comply with § 2244(d), petitioner must either have filed his federal petition by January 28, 2017—one year after the expiration of the time period for seeking direct review—or show that he is entitled either to statutory tolling under § 2244(d)(1)(B-D)-(2) or to equitable tolling. Petitioner appears to have filed his first federal habeas corpus petition more than two years after the cutoff date. Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*,

544 U.S. 408 (2005). Therefore, petitioner must explain to this court how his petition complies with § 2244(d).[1]

**IV. Order**

1. Petitioner's motion to amend is granted. *Sharp*, No. 1:20-cv-00139-JDP, ECF No. 1.
2. Within fourteen days of the date of service of this order, petitioner must show cause why the court should not summarily dismiss his first amended petition as untimely. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:  February 18, 2020  _____
UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[1] If petitioner can show that his petition is timely, he may be granted leave to file a second amended petition that combines the claims from the instant petition with those in his first amended petition.

5